IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**TAMMY MCCOY, et al.**                                                                                   **PLAINTIFFS**

**v.**                                                                    **CIVIL ACTION NO. 3:13cv854-DCB-MTP**

**YAZOO CITY, MISSISSIPPI, et al.**                                                              **DEFENDANTS**

## ORDER

BEFORE THE COURT is an Unopposed Motion [44] to Stay Pending Criminal Proceedings filed by the Plaintiffs. Plaintiffs seek to stay this civil action pending the outcome of a criminal proceeding against Plaintiff Brandin Jackson in Mississippi state court. Having considered the Motion [44] and the applicable law, the Court finds that it should be GRANTED.

## BACKGROUND

This civil rights action arises from an incident that occurred between Plaintiffs and Yazoo City police officers on May 15, 2012. Plaintiffs assert that the officers beat and assaulted Plaintiff Brandin Jackson without cause. Defendants have denied these allegations.[1] On August 13, 2013, Brandin Jackson was indicted for Simple Assault on a Police Officer in the Line of Duty.[2] The indictment indicates that it involves the same incident that occurred on May 15, 2012.[3]

The deadline for discovery in this case is December 31, 2014. The Plaintiffs state that the criminal proceedings against Jackson will impact the parties' ability to complete discovery and proceed with the case. The Plaintiffs also argue that Jackson will suffer substantial and irreparable

---

[1] *See* Answers [5] & [9].

[2] *See* Indictment [44-1].

[3] *Id.*

1

prejudice if required to proceed with this civil matter while simultaneously asserting his constitutional rights, namely his right against self-incrimination, in the criminal matter.

## LAW AND ANALYSIS

The decision to stay civil litigation in deference to parallel criminal proceedings is discretionary. *United States v. Simcho*, 326 Fed App'x 791, 792 (5th Cir. 2009). The United States Court of Appeals for the Fifth Circuit has held that a court may "stay a civil proceeding during the pendency of a parallel criminal proceedings . . . [but] [s]uch a stay contemplates 'special circumstances' and the need to avoid "substantial and irreparable prejudice." *United States v. Little Al,* 712 F.2d 13, 136 (5th Cir. 1983) (citing *SEC v. First Financial Group of Texas, Inc.*, 659 F.2d 660, 668 (5th Cir. 1981)). Courts consider the following factors in determining whether "special circumstances" warrant a stay: (1) the extent to which the issues in the criminal case overlap with the issues presented in the civil case; (2) the status of the case, including whether the criminal defendant has been indicted; (3) the private interests of the plaintiff proceeding expeditiously weighed against the prejudice to plaintiff caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *See Edwards Family P'ship v. Dickson*, No. 3:13-CV-587, 2014 WL 4494269 (S.D. Miss. September 10, 2014); *United States ex rel. Magee v. Lockheed Martin Corp.*, 1:09-CV-324, 2010 WL 2816658 (S.D. Miss. July 16, 2010) (citations omitted). The granting of a stay of a civil proceeding is an extraordinary remedy, not to be granted lightly. *Simcho*, 326 F. App'x at 792. As outlined below, the Court finds that the facts of this case warrant a limited stay of this civil proceeding.

In this case, the issues in the civil and criminal action not only overlap, but are seemingly identical. Both cases involve the incident that took place between Jackson and Yazoo City police

officers on May 15, 2012, and the question of whether Jackson assaulted a police officer would be directly relevant to the amount of force that was later used upon Jackson by the same police officer. Next, Jackson was indicted over a year ago, and courts generally recognize that a stay is strongest where a criminal defendant has already been indicted. *See Edwards Family*, 2014 WL 4494269 at * 4; *SEC v. AmeriFirst Funding, Inc.*, 3:07-CV-188, 2008 WL 866065 at *3 (N.D. Tex. March 17, 2008). As for the private interest of both parties in proceeding versus the prejudice caused by the delay, Plaintiffs argue the criminal proceedings against Brandin Jackson will negatively impact the parties' ability to complete discovery and proceed with the case to trial. The Plaintiffs also argue that Jackson will suffer substantial and irreparable prejudice in regard to his right against self-incrimination if forced to proceed in both the civil and criminal proceeding.[4]

On the other hand, the interests of the Court weigh against the stay. The Court notes that the instant case was filed in state court on November 6, 2013, and was removed to this Court on December 4, 2013. Discovery is set to close on December 31, 2014. In short, this matter has already been pending for a considerable length of time, and discovery has reached an advanced stage. A stay in this case would lengthen the already significant amount of time this case has been before the Court. The Court will also note that the public has an interest in both the prompt resolution of civil cases as well as the prosecution of criminal cases. *Magee*, 2010 WL 2816658 at *8. Likewise, the Court finds that the public's interest in a timely resolution of this matter weighs against imposing a stay at this time.

However, notwithstanding the Court's concerns of delay and due to the substantial

---

[4]This Motion is unopposed, and thus Defendants have not expressed any concern as to how a stay in the case will negatively impact their interests.

3

similarities between the issues of the civil and criminal proceedings, as well as the fact that Jackson has already been indicted, the Court finds that a limited stay is appropriate in this case. The Court is reluctant to grant an indefinite extension, thus the case will be stayed until June 18, 2015 or the disposition of Jackson's criminal charges, whichever is sooner.

IT IS, THEREFORE, ORDERED:

1. That Plaintiffs' Motion [44] to Stay be GRANTED, and the instant action is hereby stayed until June 18, 2015, or the conclusion of Jackson's criminal proceedings, whichever is sooner. Given the advanced stage of this case the Court's desire to proceed to a final resolution, a stay beyond the six months provided by this order is not likely to be granted.

2. That the parties shall contact chambers of the undersigned to schedule a conference to reset deadlines on or before June 28, 2015, or within ten (10) days of the disposition of the criminal case, whichever is sooner.

THIS the 29th day of December, 2014.

s/ Michael T. Parker
United States Magistrate Judge